1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEITH MICHAEL CASSELLS,                      No. 2:19-cv-0644-KJM-EFB P

12                  Plaintiff,

13          v.                                     ORDER

14    BALRAJ SINGH DHILLON, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18    § 1983, seeks leave to proceed in forma pauperis (ECF No. 2).

19                              Application to Proceed In Forma Pauperis

20          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

22    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

23    § 1915(b)(1) and (2).

24                                        Screening Standards

25          Federal courts must engage in a preliminary screening of cases in which prisoners seek

26    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

28    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

                                                   1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

2  relief." *Id.* § 1915A(b).

3       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

4  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

10  U.S. 662, 679 (2009).

11       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

12  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

14  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

15  678.

16       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

18  content that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

20  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23                                    Screening Order

24       Plaintiff's complaint includes unrelated claims that cannot be properly joined in a single

25  lawsuit. First, it alleges that defendant Dhillon was deliberately indifferent to plaintiff's serious

26  medical needs – major neck and back pain -- when he placed plaintiff in a double bunk where

27  plaintiff could not sit up straight.  ECF No. 1 at 3.  Defendant Dhillon also allegedly discontinued

28  a previous order allowing plaintiff to have a bedside stool.  *Id.*  Plaintiff claims to have suffered

under these conditions for ten days. *Id.* Plaintiff also holds defendant Austin accountable for these allegations, but her involvement in these medical decisions is unclear. *Id.* at 5. Second, it alleges that defendants Arriaga and Gutierrez violated plaintiff's First Amendment right to free speech by rejecting plaintiff's administrative appeal against defendant Dhillon because it used the term "half-ass." *Id.* at 4. Plaintiff also speculates that they rejected his appeal to retaliate against him for filing it in the first place. *Id.* at 5.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims against Dhillon and Austin encompass events distinct from the claims alleged against defendants Arriaga and Guittierez. Indeed, each subset of allegations poses entirely separate questions – both legally and factually – from the others and are ill-suited to proceed in a single suit.

Moreover, plaintiff's allegations lack sufficient detail to establish a claim at all. Eighth Amendment deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Plaintiff's complaint is devoid of any such allegations.

Further, inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). And while prisoners have a First Amendment right to file grievances against prison

3

1    officials and to be free from retaliation for doing so, argumentative conversation does not rise to

2    constitutionally protected speech. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Young*

3    *v. Moreno*, No. CV 10-9699-JST (SH), 2012 U.S. Dist. LEXIS 70572, at \*14-16 n.6 (May 8,

4    2012, C.D. Cal.).

5    The court recognizes that plaintiff has filed various documents related to his prison

6    grievances, medical care, and rules violation reports. *See* ECF No. 1 at 8-25. The court declines,

7    however, to look to these documents for claims that are not clearly raised by the complaint itself.

8    *See Davis v. Carlton*, 2013 U.S. Dist. LEXIS 174334, \*18 n. 1 (E.D. Cal. Dec. 12, 2013) ("The

9    Court will not comb through attached exhibits seeking to determine whether a claim possibly

10    could have been stated where the pleading itself does not state a claim.").

11    <u>Leave to Amend</u>

12    Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any

13    amended complaint must identify as a defendant only persons who personally participated in a

14    substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743

15    (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

16    act, participates in another's act or omits to perform an act he is legally required to do that causes

17    the alleged deprivation). Plaintiff may also include any allegations based on state law that are so

18    closely related to his federal allegations that "they form the same case or controversy." *See* 28

19    U.S.C. § 1367(a).

20    The amended complaint must also contain a caption including the names of all defendants.

21    Fed. R. Civ. P. 10(a).

22    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*

23    *George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims

24    against more than one defendant. *Id.*

25    Any amended complaint must be written or typed so that it so that it is complete in itself

26    without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

27    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

28    earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order.

4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE