1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    KEITH MICHAEL CASSELLS,                No. 2:19-cv-0644-KJM-EFB P

11                   Plaintiff,

12          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
13    BALRAJ SINGH DHILLON, et al.,

14                   Defendants.

15

16          Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42

17    U.S.C. § 1983.  On February 12, 2020, the court dismissed plaintiff's initial complaint on

18    screening after determining that it contained multiple, unrelated claims against more than one

19    defendant and, in addition, failed to allege sufficient detail with respect to any claim.  ECF No. 6

20    at 2-4.  Plaintiff has now filed an amended complaint (ECF No. 11), which is screened below.

21                                        Screening

22          I.       Legal Standards

23          Federal courts must engage in a preliminary screening of cases in which prisoners seek

24    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

26    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

27    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

28    relief."  *Id.* § 1915A(b).

                                              1

1      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

2  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

3  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

5  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

7  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

8  U.S. 662, 679 (2009).

9      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

10  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

12  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

13  678.

14      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

15  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

16  content that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

18  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

20  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21      II.      Analysis

22          A.      Background

23      Plaintiff alleges that, on February 1, 2019 and while incarcerated at the California Medical

24  Facility, defendant J. Russell – a correctional officer – informed plaintiff that he would be re-

25  housed from the unit where he had spent the last nine years.  ECF No. 11 at 2.  Russell informed

26  plaintiff that he would be re-housed in "C-Dorm," a location that plaintiff alleges was inadequate

27  in light of his various medical issues (diabetes, difficulty walking, and ultra-violet light

28  restrictions).  *Id.* at 4.  Specifically, plaintiff argues that C-Dorm was distant from the law library,

1    gym, and visiting room and, due to his difficulty moving, would impede his access to the same.

2    *Id.*  Plaintiff refused re-housing.  *Id.*

3          Later that day, defendant Russell allegedly attempted to move plaintiff to another location

4    (this time "J-1 housing unit").  *Id.*  That location was medically inadequate because it would have

5    required plaintiff to use a bunk bed.  *Id.*

6          Russell, in response to plaintiff's claims regarding his medical needs, contacted defendant

7    Balraj Singh Dhillon – plaintiff's primary medical provider.  *Id.*  Russell inquired whether there

8    were any legitimate medical issues which would preclude plaintiff's planned re-housing.  *Id.*

9    Dhillon responded that there were not.  *Id.* at 4-5.

10         Attempts to re-house plaintiff by defendants Russell and other correctional staff followed.

11   *Id.* at 6-10.  Suffice it to say, plaintiff was ultimately assessed with a disciplinary violation for his

12   refusal to comply with Russell's directive to re-house.  *Id.* at 8.  He was then housed in a double-

13   bunk unit without the benefit of a bedside stool for five weeks – conditions which allegedly

14   caused him pain and suffering owing to his ailments.  *Id.* at 9.

15         Plaintiff claims that defendant Dhillon knew that re-housing him in the conditions

16   proposed by Russell would place him at medical risk and cause him pain and suffering.  *Id.* at 11.

17   Despite that knowledge, he allegedly told Russell that plaintiff had no medical conditions which

18   would preclude such housing.  *Id.*

19                        B.    Findings

20         For purposes of screening, the court finds that, taken as true, plaintiff's allegations state an

21   Eighth Amendment claim for deliberate indifference to serious medical needs against defendant

22   Dhillon.  The same cannot be said for defendant Russell, however.  The allegations make clear

23   that Russell relied upon Dhillon's medical judgment in determining whether it was appropriate to

24   re-house plaintiff.  Non-medical personnel – like correctional officers – are entitled to rely upon

25   the judgment of medical staff in such matters.  *See, e.g., Berry v. Peterman*, 604 F.3d 435, 440

26   (7th Cir. 2010).  Here Russell was told by Dhillon that no medical issue precluded re-housing and

27   nothing in the complaint indicates that Russell had obvious cause to question the medical

28   judgment of plaintiff's primary care provider.

                                              3

1    In light of the foregoing, the court will direct service for defendant Dhillon and it will

2    recommend that defendant Russell be dismissed.

3                                          Conclusion

4    Accordingly, it is ORDERED that plaintiff's amended complaint (ECF No. 11) states, for

5    screening purposes, a viable Eighth Amendment claim for deliberate indifference to serious

6    medical needs against Defendant Dhillon.

7    Further, it is RECOMMENDED that:

8    1.   Defendant Russell be DISMISSED from this action; and

9    2.   This matter be referred back to the undersigned to initiate service of process of the

10         Eighth Amendment claim against defendant Dhillon pursuant to the Court's E-Service

11         pilot program for civil rights cases for the Eastern District of California.

12   These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14   after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

18   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19   DATED:  May 4, 2020.

20

21                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                              4